WITT, Respondent, vs. MERZ, imp., Appellant.

*May 12—June 3, 1909.*

*Appeal and error: Review: Findings of referee, when disturbed.*

Where there is evidence to support the findings of a referee, confirmed by the trial court, they will not be set aside on appeal unless the clear preponderance of the evidence is against them.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Edgar L. Wood* and *Christian Doerfler,* and for the respondent on that of *Charles J. Weaver.*

BARNES, J.    This action is brought by a subcontractor to foreclose a claim for a mechanic's lien.    The case was referred, and the findings of fact and conclusions of law made and found by the referee were confirmed by the court.    This appeal is taken to review the correctness of two of the findings of fact.

The referee found that the last work performed by the plaintiff upon the building which he constructed was done on November 13, 1905.    The defendant Komorowski, the owner of the building, offered evidence to show that the last date upon which work was performed was November 4, 1905. The notice provided for by sec. 3315, Stats. (1898), was served on January 9, 1906.    It is manifest that if the last work was performed as early as November 4th the plaintiff had lost his right to a lien by reason of the fact that more· than sixty days had elapsed after the work was done and before the required notice was served upon the owner.    The testimony seems to preponderate in favor of the contention of the appellant upon the question.    There is, however, considerable evidence in the record to support the finding of the referee, and we do not think the testimony so clearly preponderates against his finding as to warrant this court in setting it aside.    The referee had the advantage of seeing the witnesses, and should be in a better position to pass upon their credibility than this court is.

Certain payments were made by the principal contractor to the plaintiff while the latter was engaged in building the house of the defendant Komorowski, and it is urged that it was error not to apply such payments, or at least a portion

·of them, on the indebtedness due from the principal contractor to the subcontractor on account of the Komorowski house. The evidence to show that these payments were made ·on account of other jobs which the plaintiff was performing for the principal contractor is sufficient to sustain the finding ·of the referee.

*By the Court.*—Judgment affirmed.