## Haag, Appellant, vs. Cooper, Respondent.

*March 16—April 5, 1911.*

*Appeal: Review: Findings by referee: Evidence: Letting on shares: Gratuitous service.*

1. Where the findings of a referee are supported by credible evidence, and have been confirmed by the trial court, they will not be disturbed on appeal unless contrary to a clear preponderance of the evidence.

2. A finding by a referee that certain plowing done by plaintiff upon a farm which he had rented to defendant upon shares was a gratuitous service for which plaintiff was not entitled to payment, is *held* to be sustained by the evidence.

'Appeal from a judgment of the circuit court for Walworth county: E. B. Belden, Circuit Judge.    *Affirmed.*

On September 13, 1901, the plaintiff leased to the defend-ant his farm of 324 acres in the town of Whitewater, Wiscon-sin, for two years from the first day of March next, upon the following conditions:

"Each to furnish one half of all stock and poultry kept on said farm, except horses, second party to furnish his own horses necessary for doing the work on the farm. Each to furnish one half of all seed sown or planted on said farm. Second party to furnish all farm utensils and machinery. First party to furnish all new material for fences and second party to do all the work of keeping all the fences in good re-pair, keep all noxious weeds cut and work the road tax as-sessed against said farm. All stock to be appraised on and off. Each party to pay his own personal tax. Second party to have his necessary fuel out of dead and down timber and is to work said farm in a good and workmanlike manner and in the proper season to make it produce and is to care for all stock on the place. Oats to be divided, all other produce, ex-cept potatoes, to be fed out to stock. No straw or manure to be taken off the farm. Second party is to furnish his own oats for horses. All stock to be fed out of undivided hay, grain and feed. All hay and grain sold second party is to draw to market and money equally divided, all produce, pro-ceeds and increase of farm to be equally divided one half to each. First party has the right to go on the farm at any time and make improvements. Each party to pay for one half of the twine for binding small grain."

On November 1, 1904, and December 19, 1904, respect-ively, the plaintiff brought two actions against the defendant in justice's court, one for the recovery of $52.58 for road or highway taxes which he alleged he had paid, and the other for the recovery of a number of items for services which he claimed he had performed, and for his share of farm products. The first of said items accrued November 2, 1901, and the last September 10, 1904. Of the items specially controverted one was for $37.50 for plowing twenty-five acres of land. The answer in the first action was a general denial and counter-claim for certain items. Defendant prevailed in both actions

in justice's court.    An appeal was taken in each action to the circuit court, where an order was entered consolidating them into one and granting a reference.    The referee reported his findings and conclusions to the circuit court, disallowing the item of $37.50 for plowing, and allowing $70.69, the amount, with interest, paid by plaintiff for taxes.    The referee found the plaintiff entitled to judgment against the defendant on the items allowed in his favor for the sum of $78.19, and the defendant entitled to judgment against the plaintiff for the items allowed in his favor for the sum of $145.50, and directed that the amount for which plaintiff was entitled to judgment should be offset against the amount for which defendant was entitled to judgment, and that judgment should be entered for defendant against the plaintiff for the difference, being the sum of $67.31, and costs.    The circuit court confirmed the report of the referee and rendered judgment accordingly. The plaintiff appealed.

*J. H. Page,* for the appellant.

*E. T. Cass,* for the respondent.


VINJE, J.    No claim is made by plaintiff that any question of law arises upon any item except that of $37.50 for plowing twenty-five acres in the fall of 1901.    It is urged, however, as to the other items disallowed by the referee, not that there is no evidence to support the findings, but that the witnesses for plaintiff are entitled to more credence than those who testified for defendant, and therefore the preponderance of the evidence is against the findings.    Unfortunately for the claim made, a careful reading of the record fails to disclose any inherent incredibility in the evidence upon which the findings are based, and hence we cannot disturb them.    *Witt v. Merz,* 140 Wis. 29, 121 N. W. 885.    As to the item of plowing, plaintiff testified that defendant requested him to do it and promised to pay for it or else "plow back" an equal amount, and that he had done neither.    Defendant flatly denied this,

and said he did not know how plaintiff came to do the plowing. That is all the testimony there is on the subject. It is claimed by plaintiff that since the defendant got the benefit of the work the law raises an implied promise to pay for it, and the item should have been allowed on that ground even though it be true that defendant did not request its being done nor promise to pay for it. The referee, however, expressly found that the plowing was done by plaintiff without any expectation of repayment, and there is much in the case to support such a finding. They were engaged in a common enterprise in which mutual aid, though not required by the strict letter of the contract, is often rendered without expectation of any other form of payment than results from a joint profit. Moreover, this plowing was done in the fall of 1901. Since then the parties have had many settlements under their contract, and this claim apparently was never mentioned. Indeed, it was not included in the first action that plaintiff brought against the defendant. These and other considerations no doubt induced the referee to find that the plowing was a gratuitous service. The finding rests upon evidence sufficient to sustain it. If counsel in such cases as this would give more heed to the valuable suggestions contained in *Daubner v. McFarlin,* 136 Wis. 515, 117 N. W. 1002, clients would be saved needless expense and this court much unprofitable labor.

*By the Court.*—Judgment affirmed.